FILED DEC 29 '23 AM 10:40 USDC-AL

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama ▾

_____ Division

|  |  |
|---|---|
| Donald B. Williams, an Individual; <br> Donald B. and Yolanda Y. Williams Family Trust, et al. <br><br> _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> **–v–** <br><br> Private National Mortgage Assistance Company, LLC; <br> PennyMac Loan Servicing Company; <br> Jeffrey P. Grogin, Chief Administrative and Legal <br> Officer; Derek W. Stark, Chief Loan Officer, and <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. **23-cv-477-JB-MU** <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☑ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I.      The Parties to This Complaint

#### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Donald B. Williams |
| Street Address | 5913 Cottage Hill Road |
| City and County | Mobile; Mobile County |
| State and Zip Code | 36609-3126 |
| Telephone Number | (469)314-6874 |
| E-mail Address | parker.wms1@gmail.com |

#### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Private National Mortgage Assistance Company, LLC |
| Job or Title *(if known)* | |
| Street Address | 3043 Townsgate Road; Suite #200 |
| City and County | Westlake Village; Ventura County |
| State and Zip Code | California, 91361 |
| Telephone Number | (818)224-7442 |
| E-mail Address *(if known)* | pennymac.com |

Defendant No. 2

| | |
|---|---|
| Name | PennyMac Loan Servicing Company |
| Job or Title *(if known)* | |
| Street Address | 6101 Condor Drive |
| City and County | Moorpark; Ventura County |
| State and Zip Code | California, 93021 |
| Telephone Number | (818)224-7442 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Jeffrey P. Grogin |
| Job or Title *(if known)* | Chief Administrative and Legal Officer |
| Street Address | 3043 Townsgate Road; Suite #200 |
| City and County | Westlake Village; Ventura County |
| State and Zip Code | California, 91361 |
| Telephone Number | (818)224-7442 |
| E-mail Address *(if known)* | pennymac.com |

Defendant No. 4

| | |
|---|---|
| Name | Derek W. Stark |
| Job or Title *(if known)* | Chief Loan Officer |
| Street Address | 3043 Townsgate Road; Suite #200 |
| City and County | Westlake Village; Ventura County |
| State and Zip Code | Calfornia, 91361 |
| Telephone Number | (818)224-7442 |
| E-mail Address *(if known)* | pennymac.com |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
(1). Title 18 U.S.C.S. §§ 242 §§ 371; §§ 394; §§ 1014; §§ 1341; §§ 1344
(2). Title 41 U.S.C.S. §§ 6503
(3). Title 15 U.S.C.S. §§ 689n
(4). Title 12 Banks / Banking Laws
(5). Title 28 U.S.C.S. §§ 1332

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)* Donald B. Williams                    , is a citizen of the State of *(name)* Alabama                    .

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)*                    , is incorporated under the laws of the State of *(name)*                    , and has its principal place of business in the State of *(name)*                    .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* Jeffrey P. Grogin                    , is a citizen of the State of *(name)* California                    . Or is a citizen of *(foreign nation)*                    .

b.      If the defendant is a corporation

The defendant, *(name)* Private National Mortgage Assistance C( , is incorporated under

the laws of the State of *(name)* Delaware                                    , and has its

principal place of business in the State of *(name)* California                          .

Or is incorporated under the laws of *(foreign nation)*                                    ,

and has its principal place of business in *(name)* Westlake Village, Ca. 91361        .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

(I). Actual Damages Exceed: $75,000.00
(II). Punative Damages to be determined by a Jury to Exceed: $1,000,000.00

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

(1). Defendants intentionally prevented the plaintiff(s) from refinancing to a Conventional Mortgage with a lower Interest Rate; (2). Frauduentlly Converted COVID-19 Mortgage Forbearance Funds for their Personal Uses; (3). Refused to Apply COVID-19 Funds to Cure Plaintiff Second (2nd) Mortgage; (4). Improper Accounting; (5). Conversion of Funds; (6). Banking / Mortgage Frauds

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

(1). Prevented plaintiff from refinancing to a Conventional Mortgage with a different Mortgagor at a lower rate; (2). Refused to apply COVID-19 Forebearance Funds received from The State of Alabama to Plaintiff's Second (3). Refused to apply COVID-19 Forebearance Funds received from The State of Alabama to Plaintiff's Principal (4). Refused to Account for COVID-19 Forebearance Funds received from The State of Alabama (5). Illegally Overcharging Plaintiff's monthly mortgage payment amount (6). Banking / Mortgage Fraud(s).

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          12/27/2023

Signature of Plaintiff

Printed Name of Plaintiff    Donald B. Williams

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Donald B. Williams
5913 Cottage Hill Road
Mobile, Al. 36609-3126
(469)314-6874
parker.wms1@gmail.com

Attorney for Plaintiff(s) in pro per

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Donald B. Williams, an Individual; ) | Case No.: _____ |
| Donald B. and Yolanda Y. Williams' ) | |
| Family Trust; and DOES 1 thru 20, et al. ) | **COMPLAINT FOR** |
| ) | **DAMAGES FOR:** |
| ) | |
| ) | |
| ) | |
| Plaintiff(s), ) | (1). FRAUD(S); |
| ) | (2). CONSTRUCTIVE FRAUDS; |
| vs. ) | (3). BREACH OF CONTRACT |
| ) | (4). BREACH OF Fiduciary Duty |
| Private National Mortgage Assistance ) | (5). CONVERSION OF FUNDS |
| Company, LLC; Pennymac Loan ) | (6). IMPROPER ACCOUNTING |
| Servicing Company, Jeffrey P. Grogin ) | (7). CONSPIRACY |
| Chief Administrative and Legal Officer, ) | (8). SLANDER OF ACCOUNTING |
| Jeffrey P. Grogin an Individual, ) | (9). DISCRIMINATION |
| Derek W. Stark, Chief Loan Officer, ) | (10). JURISDICTION OF THE COURT |
| Derek W. Stark, an Individual, and ) | (11). DIVERSITY OF CITIZENSHIP |
| DOES 1 thru 50 et al. ) | (12). TEMPORARY RESTRAINING |
| ) | ORDER(S) REQUESTED |
| Defendant(s). ) | |
| ) | |
| _____ ) | **JURY TRIAL DEMANDED** |

To all of the defendants herein and to the defendant's Counsel of Record and to

all DOE defendants please take notice: **YOU ARE BEING SUED.**

**(1).**

## STATEMENT OF CASE

**(1).** At all times relevant plaintiff Donald B. Williams is a U.S. Citizen residing in Mobile County Alabama in the City of Mobile residing at 5913 Cottage Hill Road 36609-3126.

**(2).** The subject matter of this complaint is a Federal Housing Administration [FHA] Insured Real Estate Mortgage Loan(s) initiated by plaintiff(s) Donald B. Williams on or about July 31, 2017 with Hamilton Mortgage Corporation.

**(3).** On or about October 13, 2017 Private National Mortgage Acceptance Company, LLC, doing business as (dba) Pennymac Loan Servicing, LLC ISAOA [Investor Loan #8015580487] headquartered at Westlake Village California was replaced as mortgagor.

**(4).** The subject matter of this complaint is real estate property located at 5913 Cottage Hill Road Mobile Alabama 36609-3126.

**(5).** It is the plaintiff's contentions that all defendants illegally and maliciously conspired to: (a) DEFRAUD the plaintiffs of all real estate and real estate value of certain real estate located in the County of  Mobile Alabama located at 5913 Cottage Hill Road, (b) Engaged in and participated in a conspiracy to carry out their [Defendant's] fraud(s).

## GENERAL ALLEGATIONS

**(6).** Plaintiff Donald B. Williams and Christopher E.A. Williams are father and son and at all times relevant to this complaint owned and legally retain title to the real estate subject of this complaint located at 5913 Cottage Hill Road Mobile Alabama.

**(7).** Plaintiff Donald B. and Yolanda Y. Williams Family Trust (Hereafter: Williams Trust)

**(2).**

and DOES 1 thru 20 are Blood-Related Williams Family Members and are included herein as living heirs to the subject property located at 5913 Cottage Hill Road Mobile Alabama.

**(8).** Defendant Private National Mortgage Acceptance Company, LLC is Chartered in The State of California and does business as [dba] Pennymac Loan Servicing (hereafter: Pennymac).

**(9).** Defendant Jeffrey P. Grogin is Chief Administrative and Legal Officer and is being sued as an officer of Pennymac.

**(10).** Defendant Jeffrey P. Grogin is an individual and is being sued as an individual.

**(11).** Defendant Derek W. Stark is Chief Loan Officer and is being sued in such capacity as an officer of Pennymac.

**(12).** Defendant Derek W. Stark is an individual and is being sued as an individual.

**(13).** Defendant Jacqueline Herrera is an employee of Pennymac and is being sued as an individual and is being sued as an employee of Pennymac.

**(14).** Defendant Irvin Scott is an employee of Pennymac and is being sued as an individual and is being sued as an employee of Pennymac.

**(15).** ALL other defendants are sued herein collectively in either (1) [their] official capacity(s) as employees or, (2) their individual capacities as employees that are [were] aware of the illegal actions complained of herein and are in some way or in some fashion responsible and culpable for the damages caused to the plaintiffs herein.

**(16).** ALL defendants herein are collectively referred to as "Defendants" and said defendants whether named or referred to as a DOE defendant are in some way

**(3).**

responsible and are culpable for the damages complained of herein.

**(17).** Plaintiffs are unaware of the true names and capacities of defendants) sued herein as Does 1 thru 30 inclusively, and sue these defendants under such fictitious Names as DOE defendants.

**(18).** Plaintiff's seek leave of the court to amend or re-amend this complaint when the true names of said DOE defendants are ascertained.

**(19).** Plaintiffs are informed and believe and herein allege that at all times herein relevant, each defendant(s) were acting as agents, servants, licensee's, employees or alter ego of each of the remaining defendants, and at all times relevant, were acting within the course and scope of their capacities of said relationships.

**(20).** Plaintiffs are further informed and believe and thereon allege that at all times relevant, each business and or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct of said agents, servants, licensees, employees and alter egos, and allowed and sanctioned said wrongful conduct to continue and to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of the plaintiffs.

**(21).** Plaintiffs are informed and believe and allege herein that defendants after becoming aware of 'their' wrongful conduct of each other corporate defendant or corporate defendant's agents, directors and managing partners, authorized and ramified said wrongful conduct to continue.

**(22).** The real estate subject to this complaint located at 5913 Cottage Hill Road Mobile Alabama is exempt from property taxes due to plaintiff's disability and advanced age.

**(4).**

**(23).** At the time of the initial FHA mortgage [July 31, 2017] there was no Second [2nd]

Mortgage on the subject property located at 5913 Cottage Hill Road Mobile Alabama.

**(24).** Since the inception of the initial mortgage [July 31, 2017] the plaintiff has never

(a) missed a mortgage payment (b) been late with a mortgage payment.

**(25).** The initial and current FHA Insured Mortgage 30 year Loan has a fixed interest

rate of 3.5% (Apr) with Mortgage Insurance Premium [MIP] affixed to the mortgage.

**(26).** The subject mortgage has an impound account that consists only of (I). Principal

(II). Interest (III). MIP Insurance (IV). Homeowners's / Property Insurance.

**(27).** At the time of the illegal acts and omissions alleged herein, the plaintiff's total

monthly mortgage payment was Eight Hundred Twenty Eight U.S. Dollars and Twelve

Cents [$828.12 U.S. Dollars].

**(28).** On or about March 1, 2020, the world was inundated and infected with The

COVID-19 Virus [COVID-19] which developed into a Pandemic.

**(29).** In or about September 2020, the plaintiff Donald B. Williams was diagnosed with

COVID-19 and said COVID-19 symptoms remain and continue to date as 'Long Covid'.

**(30).** On or about March 1, 2020 at the directive of the U.S. President Joseph Biden,

COVID-19 was declared a National Emergency.

**(31).** On or about May 1, 2020 the Federal Housing Administration [FHA] established

COVID-19 Forbearance on FHA-Insured Single-Family Mortgages.

**(32).** The FHA COVID-19 Forbearance allowed homeowners affected by the COVID-19

Pandemic to withhold monthly mortgage payments to mortgagors without any penalty.

**(33).** Mortgagors holding FHA Insured mortgages are [were] required to allow

**(5).**

homeowners affected by COVID-19 to withhold monthly mortgage payments without any penalties.

**(34).** At all times relevant to the acts and omissions alleged herein the defendant(s) held and continues to hold the Plaintiff's 30-year FHA-Insured mortgage.

**(35).** On or about February 1, 2021 the plaintiff Donald B. Williams applied for the FHA COVID-19 Forbearance with defendants.

**(36).** On or about March 1, 2021, the defendants approved the plaintiff's application for COVID-19 Loan Forbearance to commence on May 1, 2021.

**(37).** On or about September 1, 2021, the Plaintiff notified the Defendants that Plaintiff would resume making monthly mortgage payments in or about October 1, 2021.

**(38).** On or about September 18, 2021 the defendants notified plaintiff's that monthly mortgage payments would resume on November 1, 2021.

**(39).** On or about November 1, 2021, the plaintiff resumed making monthly payments to the defendant in the amount of $828.12.

**(40).** On or about May 1, 2021 pursuant to FHA Guidelines, the COVID-19 Forbearance created a Second FHA Insured Mortgage Lien to be paid at the end of the original 30-year FHA Mortgage, payable in the year 2047 of Our Lord.

**(41).** The FHA Insured Second (2nd) Mortgage Lien Total Loan Amount was $5,628.91 was executed on or about February 22, 2022.

**(42).** Pursuant to FHA COVID-19 Forbearance Guidelines, after making three (3) successive monthly mortgage payments [November 2021 thru January 2022] the plaintiff(s) would be was eligible to apply and applied for a 'New' Conventional Mortgage

**(6).**

with the Mortgage Company The Loan Depot at a fixed 30-Year interest rate of 2.99%.

**(43).** On or about February 12, 2020 the plaintiff Donald B. Williams' mortgage loan application with Loan Depot was approved.

**(44).** On or about February 13, 2022, The Loan Depot requested loan release documents from the defendants to begin funding of plaintiff's new approved 30 - Year Conventional Mortgage application.

**(45).** On or about February 25, 2022, the defendants refused to release plaintiff's First (1st) mortgage loan documents to Loan Depot.

**(46).** On or about March 1, 2022, The Loan Depot canceled and withdrew the plaintiff's [Approved] mortgage loan application due to the defendant's intentional delay(s) and intentional refusal to release the plaintiff's First (1st) FHA Insured Loan Documents.

**(47).** On or about March 15, 2022 The U.S. Federal Reserve began mortgage interest rate hikes which currently exceed 7.25% that is 4.26% greater (>) than the plaintiff's 2.99% Interest Rate offered and approved by The Loan Depot.

**(48).** On or about October 1, 2022 plaintiff Donald B. Williams applied to the State of Alabama's Mortgage Assistance Program 'Solely' to repay the COVID-19 Forbearance Second (2nd) Mortgage Loan Lien amount totaling $5,628.91 to satisfy, cure and remove the Second FHA Insured Mortgage Lien.

**(49).** On or about December 30, 2022, the Mortgage Assistance Program of Alabama approved the plaintiff's application for the repayment of the $5,628.91 to the defendants to cure, satisfy and remove the Second (2nd) FHA Insured Mortgage Lien that was created by the COVID-19 Forbearance.

**(50).** On or about January 6, 2023 the Mortgage Assistance Program of Alabama began payments to the defendants to satisfy the $5,628.91 Second (2nd) FHA Insured Mortgage Lien that was created by the COVID-19 Forbearance.

**(51).** On or about January 6, 2023 the Mortgage Assistance Program of Alabama submitted an initial payment of $2,118.38 to the defendants leaving a balance due on the Second (2nd) FHA Insured mortgage Lien of $3,510.53.

**(52).** On or about February 1, 2023 the Mortgage Assistance Program of Alabama submitted a payment of $828.12 to the defendants leaving a balance due on the Second (2nd) FHA Insured Mortgage Lien of $2,682.41.

**(53).** On or about March 1, 2023 the Mortgage Assistance Program of Alabama submitted a payment of $828.12 to the defendants leaving a balance due on the Second (2nd) FHA Insured Mortgage Lien of $1,854.29.

**(54).** On or about March 31, 2023 the Mortgage Assistance Program of Alabama submitted a payment of $146.58 to the defendants leaving a balance due on the Second (2nd) FHA Insured Mortgage Lien of  $1,707.71.

**(55).** On or about April 1, 2023 the Mortgage Assistance Program of Alabama submitted a payment of $974.70 to the defendants leaving a balance due on the Second (2nd) FHA Insured Mortgage Lien of $733.01.

**(56).** On or about May 1, 2023 the Mortgage Assistance Program of Alabama submitted a payment of $974.70 to the defendants wherein the entire amount of the Second (2nd) FHA Insured Mortgage Lien of $5,628.91 was Paid-in-Full.

**(8).**

**(57).** The May 1, 2023 Mortgage Assistance Program of Alabama's payment to the defendants created a plus (+) balance amount of $241.69 to the plaintiff.

**(58).** Subsequent to the Mortgage Assistance Program of Alabama's the May 1, 2023 payment of $974.70 to the defendants, the defendants knowing that the total amount of $5,628.91 had been satisfied, continued to illegally submit $974.70 invoices to the Mortgage Assistance Program of Alabama for payment(s).

**(59).** The defendants continued to illegally collect an additional amount of $2,023.16 from The Mortgage Assistance Program of Alabama on behalf of the plaintiff(s).

**(60).** The defendants have refused to submit an accounting for the overpayment of $2,264.85 (Par. # 57 / $241.69 plus (+) Par. # 59 / $2,023.16 = $2,264.85).

**(61).** The defendants have knowingly and illegally converted [Conversion] the $2,264.85 for their [defendants] own coffers for their own personal use(s).

**(62).** On or about September 15, 2023 the plaintiff Donald B. Williams requested that the defendants provide the plaintiff with proof of satisfaction of total payments of $5,628.91 to the FHA that satisfied the Second (2nd) FHA Insured Mortgage Lien which was created on February 22, 2022 by the COVID-19 Forbearance.

**(63).** The defendants have refused to provide proof of payment to The FHA for the total amount $5,628.91 that satisfied the Second (2nd) COVID-19 FHA Insured Mortgage Lien and neither have the defendants provided proof of the overpayment of $2,264.85.

**(64).** As of the date of the filing of this Complaint the defendants have refused to release the Second (2nd) FHA Insured Mortgage Lien created by COVID-19 Forbearance.

**(9).**

## FIRST CAUSE OF ACTION FRAUDS
## [Title 18 U.S.C.S. §§1014; 18 U.S.C.S. §§ 1341; 18 U.S.C.S. §§ 1344]
### (Federal Mortgage Fraud / Mail Fraud )

**(65).** Plaintiff(s) refer to and repleads and incorporate each and every allegation contained in paragraphs 1 through 64 of this complaint by reference as contained herein as the same and make each a part hereof.

**(66).** On or about May 1, 2023 the defendants conceived a plan to illegally withdraw and illegally retained banking funds in the amount of $7,893.76 obtained from the Mortgage Assistance Program of Alabama on behalf of the plaintiff with full knowledge that the COVID-19 Forbearance Second (2nd) Mortgage Lien had been satisfied and paid in full.

**(67).** On or about September 15, 2023 the defendants denied plaintiff access to plaintiff's legally deposited funds within defendants banking systems meant to satisfy the COVID-19 Forbearance Mortgage Second (2nd) Lien.

**(68).** As a direct and proximate result of the aforementioned acts, plaintiffs and each of them have suffered and continue to suffer emotional damages to his [their] mind(s) and physical and emotional damages to his [their] bodies and plaintiffs and each of them continue to suffer humiliation, hardships, anxiety, indignity and severe mental and emotional anguish and emotional distresses.

**(69).** As a result and direct proximate result of all of the aforementioned illegal acts, all plaintiff(s) has [have] suffered physical damages to their [plaintiff's] minds and bodies and plaintiffs continue to suffer humiliation, hardships, anxiety, indignity and severe mental and emotional anguish and emotional distresses.

**(10).**

**(70).** As a direct and proximate result of the aforementioned acts, plaintiffs children and grandchildren are subjected to humiliation, hardship(s), anxiety, indignity and severe Mental and Emotional distress which will require professional medical care and Psychological Services on an ongoing basis in the future for the rest of plaintiff(s) and plaintiff's children and plaintiff's grandchildren rest of their natural lives.

## SECOND CAUSE OF ACTION
### (Constructive Fraud - - All Defendants)
### [VIOLATION OF 18 U.S.C. §§ 371 and 18 U.S.C. §§ 1344]

**(71).** Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 70 above as though set forth in full at length herein.

**(72).** Defendants [and each of them] the mortgagors, owed a duty to plaintiffs to disclose all facts materially affecting plaintiff's mortgage.

**(73).** The defendants knew or should have known that the principal on the plaintiff's Second (2nd) FHA COVID-19 Insured Mortgage had been paid-in-full due to defendant's errors and improper accounting and that the defendants had improperly refused to release Funds for the Second (2nd) COVID-19 FHA Insured Mortgage Lien.

**(74).** Defendants, through their representatives, agents, officers, and or employees suppressed and concealed this vital information in item #74 from plaintiffs via fraud.

**(75).** Defendants knew or should have known that the amount of the plaintiff's principal mortgage amount and the plaintiff's Second (2nd) COVID-19 FHA Insured Mortgage Lien was material to the plaintiffs and that suppression and concealment of the facts

**(11).**

concerning the plaintiff's principal mortgage and Second (2nd) COVID-19 FHA Insured Mortgage was likely to mislead plaintiffs and which did in fact mislead the plaintiffs.

**(76).** The failure to disclose information to plaintiffs and the suppression of information from the plaintiffs as alleged herein is to have been made by the defendants were made with the intent to induce plaintiffs to act in a manner herein alleged in reliance thereon.

**(77).** Plaintiffs justifiably relied on defendants to disclose all facts materially affecting the plaintiffs mortgage, including the facts that the Second (2nd) COVID-19 FHA Insured Mortgage Lien had been satisfied, when in fact the Second (2nd) Lien had not been paid-in-full.

**(78).** Plaintiffs at all times relevant to the defendant's' failure to disclose the facts of suppression herein, plaintiffs were ignorant of the existence of the facts being suppressed and not disclosed by the defendants to the plaintiff(s).

**(79).** As a direct result and proximate result of the defendants' [and each of them] fraudulent suppression and concealment, the plaintiff suffered damages in an amount to be proven at trial and to be determined by a jury.

**(80).** The wrongful conduct by the defendants set forth herein was perpetrated upon the plaintiffs intentionally, willfully and fraudulently in conscious disregard of plaintiff's rights and with callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.

**(81).** Plaintiffs are further informed and believe that each defendant weather individually and or corporate defendants, through their [it's] officers, directors and or managing agents, had advance knowledge of the wrongful conduct set forth above herein and

**(12).**

allowed the wrongful conduct to continue to occur with a conscious disregard of the rights and safety of plaintiffs, and after becoming aware of the wrong conduct as set forth herein that each individual defendant and or corporate defendant by and through its agents, condoned and ratified the wrongful conduct that is alleged herein.

**(82).** Therefore, exemplary and punitive damages in a sufficient monetary sum should be assessed against each and every defendant whether corporate or an individual.

## THIRD CAUSES OF ACTION
### (Breach of Contract -- against All Defendants)
### [41 U.S.C.S. §§ 6503]

**(83).** Plaintiffs incorporate by reference all of the allegations set forth herein in paragraphs 1 through 82 above as set forth in full at length.

**(84).** On or about July 31, 2017 the plaintiff entered into a written 30-year FHA Insured Mortgage Contract with Hamilton Mortgage Corporation and pursuant to the terms of said contract made every monthly mortgage payment without missing any payment.

**(85).** On or about October 13, 2017 the defendants Private National Mortgage Acceptance Company, LLC, doing business as (dba) Pennymac Loan Servicing, LLC ISAOA [Investor Loan #8015580487] headquartered at Westlake Village California was replaced as mortgagor assuming all written terms of the original 30-year FHA Insured Mortgage Contract.

**(86).** Plaintiff(s) have performed all of their [plaintiff's] obligations and conditions

**(13).**

pursuant to the aforementioned 2017 written FHA Insured Mortgage Contract between parties.

**(87).** On or about October 13, 2017 there were no other contracts nor no any other mortgages e.g. [2nd Mortgage, 3rd Mortgage] between the parties in this matter.

**(88).** Defendants breached the 2017 written contract and the COVID-19 FHA Insured Mortgage Agreement by illegally **(1)** withdrawing amounts greater than monthly $828.12 from the Mortgage Assistance Program of Alabama **(2)** refused to account for all funds withdrawn an excess amounts greater than the proper amount to satisfy and cure the Second (2nd) FHA Insured Mortgage Lien **(3)** Refuse[d] to submit payment to FHA so that Second FHA Insured Mortgage Lien would be cured and satisfied in full.

**(89).** As a direct and proximate result of defendants breach of contract, plaintiffs have suffered and continue to suffer damages to date in amounts that are to be determined at trial and are to be proven to a jury.

## FOURTH CAUSE OF ACTION
### (15 U.S.C. §§ 689n)
#### (BREACH of Fiduciary Duty)

**(90).** Plaintiff's allege and reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 89 above, as though set forth in full at length herein.

**(91).** Defendants as plaintiff's mortgagors owed plaintiff a duty to disclose all material facts pertaining to plaintiff's mortgage. Defendants breached their [defendant's] duty to plaintiff's by suppressing the facts that the defendants had in fact illegally continued to receive monthly mortgage payments from the Mortgage Assistance Program of

**(14).**

Alabama in excess of the amount needed to satisfy the COVID-19 FHA Insured Second (2nd) Mortgage Lien.

**(92).** The defendant's conduct 'is' [was] oppressive, fraudulent, maliciously which was carried out and carried on by the defendants with a willful disregard of the plaintiff's rights or the safety of the plaintiffs and subjected the plaintiff's to cruel and unjust hardships in conscious disregard of plaintiff's rights. Plaintiffs seek punitive damages against each and every defendant whether a named individual or a DOE defendant or whether a corporate defendant according to the proof submitted at trial to a sitting jury.

## FIFTH CAUSE OF ACTION
### (CFR Title 12, Banks and Banking)
### (Conversion of Funds)

**(93).** Plaintiff reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 92 above as set forth at length herein.

**(94).** Plaintiff's are [were] the owners of certain mortgage [banking] accounts held by defendants Federally Insured Banks. The plaintiff's authorized the defendants to automatically withdraw $828.12 per month(s) from plaintiffs bank accounts that were established by the Mortgage Assistance Program of Alabama to satisfy the COVID-19 FHA Insured Second (2nd) Mortgage Lien created by the COVID-19 Forbearance.

**(95).** The defendants intentionally and wrongfully took possession of plaintiff's legally deposited funds [property] from plaintiff's mortgage banking accounts without plaintiff's knowledge and without plaintiff's permission by submitting fraudulent invoices on behalf

**(15).**

of the plaintiff to the Mortgage Assistance Program of Alabama in amounts that exceeded the agreed upon written amount of $5,628.91 with defendant's retaining and converting all amounts greater than the agreed amount of $5,628.91 for their [defendant's] use(s). The defendant's illegal acts and omissions are conversion of plaintiff's funds for the defendant's own personal illegal uses.

**(96).** The defendant's conduct dispossessed the plaintiff of their [plaintiff's] property and denied the plaintiffs access and use of plaintiff's property.  As a result of defendants acts, omission and illegal conduct, the plaintiff's have suffered and continue to suffer general and special and specific damages.

**(97).** The defendants [and each of them be they individual and or corporate defendants] conduct was ['is'] oppressive, fraudulent, malicious, despicable which was carried on in a way by defendants with a willful disregard of the plaintiff's rights or the safety of the plaintiffs and subjected the plaintiffs to cruel and unjust hardship in conscious disregard of plaintiff's rights.

**(98).** Plaintiff's seek punitive damages against all defendants as to the proof set forth herein and damage amounts that are to be determined by a jury.

### SIXTH CAUSE OF ACTION
### (18 U.S.C. §§ 1344)
#### (FRAUD--Improper Accounting - - Against ALL Defendants)

**(99).**  Plaintiff's allege and re-allege and incorporate by reference paragraphs 1 through 98 above as set forth herein at length.

**(100).** Defendants, as plaintiff's mortgagors, owed a fiduciary duty to plaintiff's to

**(16).**

disclose all material facts pertaining to the plaintiff mortgages.  Defendants in fact

breached their [defendants] fiduciary duty by **(I).** beginning to illegally submit payable

invoices to the Mortgage Assistance Program of Alabama and **(II).** withdraw amounts

greater than $5,628.91 needed to satisfy and cure the COVID-19 FHA Insured Second

Mortgage Lien **(III).** Failure and refusal for an Accounting of the $5,628.91 payment.

**(101).** Defendants, fraudulently and in bad faith, failed to disclose to plaintiff's that they

[defendants] had in fact begun to illegally withdraw and continued to illegally withdraw

funds in amounts that exceeded the agreed written amount of $5,628.91.

**(102).** Defendants converted all of the $5,628.91 and the additional illegal withdrawal

overpayment of $2,264.85 for their [defendants] own illegal personal uses.

**(103).** Plaintiff's are due refund totals of all of the illegal withdrawals that were illegally

obtained from the Mortgage Assistance Program of Alabama on behalf of the plaintiffs.

**(104).** Any and all illegal withdrawals and or illegal overpayments that were illegally

obtained on behalf of the plaintiff's can only be ascertained and obtained by **(1)** An

Order from this court and **(2)** A Certified Public Accounting Agency.

**(105).** Plaintiff's seek punitive and special damages from each and every defendant

herein whether defendant is an individual, corporate or DOE defendant.


## SEVENTH CAUSE OF ACTION

### (18 U.S.C. §§ 371)

### (CONSPIRACY)


**(106).**  Plaintiff's allege and re-allege and incorporate by reference paragraphs 1

**(17).**

through 105 above as set forth here at length.

**(107).** Defendants and each of them whether they be individual defendants, DOE defendants and or corporate defendants or agents thereof of each other defendants knowingly, intentionally and willfully participated with each and every other defendant by entering into an agreement(s) to defraud the plaintiff of plaintiff's legally owned property including but not limited to (a) plaintiff's home (b) plaintiff's real estate (c) plaintiff's mortgage banking accounts (d) plaintiff's peace and security solely for personal gain.

**(108).** On or about May 1, 2023 defendants and each of them devised [conspired] plans and entered into an illegal agreement(s) [conspiracy's] to [illegally] steal the plaintiff's home from plaintiff's through the use of illegal means, including but not limited to illegal accounting, illegal and unauthorized property tax increases.

**(109).** As a direct and proximate result of of the aforementioned acts by the defendants, the plaintiff and plaintiff's family [spouse] four (4) children and four (4) grand-children has suffered and continue to suffer physical damages to their [plaintiff's] minds and their bodies and plaintiff's continue to suffer humiliation, hardship, anxiety, indignity and severe mental and emotional anguish and emotional distresses.

**(110).** As a direct and proximate result of the aforementioned acts by the defendants, plaintiffs and plaintiff's children are subjected to said humiliation, hardship(s), anxiety, indignity and severe mental and emotional distresses which will require professional medical care and psychological services in an ongoing basis in the future for the rest of their [plaintiff's] natural lives.

**(18).**

## EIGHTH CAUSE OF ACTION

### (18 U.S.C. §§ 371; 18 U.S.C. §§ 394; 18 U.S.C. §§ 1014)
### (SLANDER OF CREDIT - - AGAINST ALL DEFENDANTS)

**(111).** Plaintiff's allege and re-allege and incorporate by reference paragraphs 1 through 110 above as set forth here at length.

**(112).** Defendants knowingly and intentionally made false and unprivileged statements to different credit reporting agencies including but not limited to Experian Consumer Credit, Equifax and Transunion reporting that the plaintiff's were six (6) months past due on plaintiff's mortgage payments at a rate that exceeded $5,628.91.

**(113).** Defendants knew or should have known that the plaintiffs (1) have never been late on any monthly mortgage payment and (2) plaintiff's had never missed any agreed-upon mortgage payment since the inception of plaintiff's July 31, 2017 FHA Insured Mortgage with defendants.

**(114).**  As an actual and proximate result of defendants knowingly and intentionally false and slanderous statements to credit reporting agencies, the plaintiffs have suffered damages, including but not limited to **(i)** subjection to higher monetary interest rates.

**(115).** Defendant's conduct was ['is'] oppressive, fraudulent, malicious, despicable conduct which was carried on by the defendants with a willful disregard for the rights or for the safety of plaintiffs and the defendant's conduct subjected the plaintiffs to cruel and unjust hardship in conscious disregard of plaintiff's rights.

**(116).** Plaintiff's seek punitive damages from each and every defendant herein whether the defendant be an individual defendant, a DOE defendant or a corporate defendant

**(19).**

according to proof presented to a jury at trial.

## NINTH CAUSE OF ACTION
### (18 U.S.C. §§ 242; 18 U.S.C. §§ 371)
### (DISCRIMINATION)

**(117).** Plaintiff's allege and re-allege and incorporate by reference paragraphs 1 through 116 above as set forth here at length.

**(118).** On or about July 2017 the plaintiff(s) and defendant's entered into a written agreement e.g. thirty-year (30 year) fixed 3.75% mortgage to finance the plaintiff's home [real estate property] located in Mobile Alabama. Pursuant to the written agreement the initial [original] mortgage was for the amount of $132,000.00.  There are no other agreements - - written or verbal between parties.

**(119).** The 2017 written [mortgage] contract contained an implied covenant of good faith and fair dealings which obligated defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff's from performing any or all conditions of the contract that it agreed to perform, or any act that would deprive the plaintiff's of the benefits of the contract.

**(120).** Plaintiff's entered into the agreement [contract] with defendants with the understanding and expectation, which was ['is'] clearly understood by the defendants that defendants would act in good faith and would deal fairly pursuant to the written contract.

**(20).**

**(121).** Defendants tortiously breached the implied covenant of good faith and fair dealing arising from the contract by unreasonably and in bad faith by (I) initiating a widely known Institutional Practice of Discriminating against Minorities [plaintiff] by illegally submitting false payable invoices to the Mortgage Assistance Program of Alabama without the knowledge and without the consent of the plaintiff to defraud the plaintiff's which would ultimately cause the plaintiff to default on both of the plaintiff's FHA Insured mortgages.

**(122).** As a direct and a proximate result of of the aforementioned acts by the defendants, the plaintiff has suffered and will continue to suffer emotional damages to his mind and physical damages to his [plaintiff's] body and the plaintiff continue to suffer humiliation, hardship, anxiety, indignity and severe mental and emotional anguish and emotional distresses.

**(123).** As a direct and proximate result of the aforementioned acts by the defendants, plaintiffs and plaintiff's children are subjected to said humiliation, hardship(s), anxiety, indignity and severe mental and emotional distresses which will require professional medical care and professional psychological services in an ongoing basis in the future for the rest of their [plaintiff's] natural lives.

**(124).** Defendant's conduct was ['is'] oppressive, fraudulent, malicious, despicable conduct which was carried on by the defendants with a willful disregard for the rights or for the safety of plaintiffs and the defendant's conduct subjected the plaintiffs to cruel and unjust present and future hardship(s) in conscious disregard of plaintiff's rights.

**(21).**

**(125).** Plaintiff's seek punitive damages from each and every defendant herein whether the defendant be an individual defendant, a DOE defendant or a corporate defendant according to proof presented to a jury at trial.

## TENTH CAUSE OF ACTION
### (Diversity of Citizenship)
### (28 U.S.C. § 1332)

**(126).** Plaintiff's allege and re-allege and incorporate by reference paragraphs 1 through 125 above as set forth here at length.

**(127).** The plaintiffs and the defendants are citizens of different states. The plaintiff(s) reside in the State of Alabama while the defendants Corporate Offices are located within The State of California in the City of Moorpark California.

**(128).** The amount of damages in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00 U.S. Dollars).

## ELEVENTH CAUSE OF ACTION
### (Jurisdiction of The Court)
### (18 U.S. Code §§ 3231)

**(129).** Plaintiff's allege and re-allege and incorporate by reference paragraphs 1 through 128 above as set forth here at length.

**(130).** This complaint is the original complaint in these matters. There are no other complaints in any other Court(s), State or Federal. All of the offenses and violations alleged and contained herein are offenses against the laws of The United States of

**(22).**

America. This Court has original jurisdiction.

## TWELFTH CAUSE OF ACTION
### (18 U.S.C. §§ 1514; 18 U.S.C. §§ 2262)
### (Temporary Restraining Order - -in re Harassment Against All Defendants)

(131). Plaintiff's allege and re-allege and incorporate by reference paragraphs 1 through 130 above as set forth here at length.

(132). Plaintiff's are the true legal owners [real owners] of certain real estate located in Mobile Alabama commonly known as 5913 Cottage Hill Road 36609-3126.

(133). Plaintiff's are informed and believe that the defendants may attempt to dispose of plaintiff's real property and or sell said real property.

(134). The defendants wrongful conduct, unless and until enjoined and restricted by an order of this court will cause an irreparable injury to the plaintiffs in that:

(A). With regard to real property so described in paragraphs #1, #4 and paragraph #132, plaintiff alleges that this property is unique in character in that there exists no other real estate property or other property substantially similar thereto.

(135). Plaintiff's have no adequate remedy at law for the injuries currently being suffered in that all real property as alleged in paragraphs #1, #4, #22 and #132 is unique in character and only an order by this court restraining foreclosure or illegal sale of this item would adequately remedy plaintiff's injuries.

(23).

**(136).** As a proximate result of defendant's wrongful conduct, plaintiffs have been damaged in an amount to be determined and ascertained according to proof presented to a jury at a trial.

> **(1).** Jury Trial Demanded.
>
> **(2).** Plaintiff pray to: Amend this complaint upon receipt of additional information in this matter.
>
> **(3).** Plaintiff request leave of the Court to amend this Complaint when the true names of DOE Defendants are obtained.
>
> **(4).** Plaintiff pray for relief as Set Forth Hereafter:

**As for the: First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth Causes of Action:** Plaintiff Pray for General Damages as following:

(1). Damages per cause according to proof presented to a jury at trial is in excess of: $1,000.000.00 [One Million U.S. Dollars] per cause;

(2). Perform a complete Forensic Accounting of plaintiff's mortgage account by a Certified Accounting agency that is approved by the Court;

(3). Apply the COVID-19 Forbearance Mortgage Payment amount of $5,628.91 that the Defendants received from the State of Alabama Mortgage Assistance Program to Cure and or satisfy the FHA-Second (2nd) Mortgage Lien created by said COVID-19 Forbearance;

(4). Apply the additional amount of $2,264.85 that was illegally obtained from The State of Alabama Mortgage Assistance Program to reduce the plaintiff's Principal amount;

(5). Convert plaintiff's current mortgage to a 30-Year Conventional Mortgage at the

**(24).**

Interest rate of 2.99% [or less], the same interest rate approved by The Loan Depot

(6). Attorney's Fees / Costs;

(7). Punitive damages as determined by the jury;

(8). Prejudgment interest 20.7% compounded daily and compounded per annum;

(9). Post-Judgment interest of not less than 34.9% interest per annum, compounded daily and compounded per annum;

(10). Such other and future relief as the Court deems just and proper;

(11). For the Temporary Restraining Order (TRO) and an injunction all in joining defendants, and each of them, and their agents, servants, and employees and all other persons acting under, in concert with, or for them, from disposing of or dispossessing the plaintiff's of their possessions of said real estate property and or from dispossessing plaintiff's of their possessions of said real estate property and or from transferring said real estate property, encumbering, hypothecating, concealing, or in any way disposing of the real estate property identified in paragraph(s) #1, #4, #22 and paragraph #132 herein that is commonly known as 5913 Cottage Hill Road Mobile Alabama 36609-3126.


**Dated: December 29, 2023**

By: _Donald H. Williams_

**Donald B. Williams, Plaintiff(s) in Pro Per**

**Attorney for Plaintiff(s)**

//////////////////////
//////////////////////////

**(25).**